```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


DIANE M. LEWIS, et al.,        )
                               )
               Plaintiffs,     )
                               )
     v.                        )        No. 4:10-CV-854-RWS
                               )
WHOLE FOODS MARKET,            )
                               )
               Defendant.      )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Diane M. Lewis for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

Upon review of the file, the Court notes that the caption of the complaint bears the names of two plaintiffs: Diane M. Lewis and Allen R. Berry; however, only Diane Lewis has submitted a motion for leave to proceed in forma pauperis [Doc. #2] and a CJA 23-Financial Affidavit [Doc. #3]. Because Allen Berry has not submitted a motion for leave to proceed in forma pauperis and a CJA 23-Financial Affidavit, the Court is unable to determine, at this time, whether plaintiffs are financially unable to pay the filing fee. See 28 U.S.C. § 1915(a), Local Rule 2.05(A).

Moreover, the Court notes that plaintiff Allen Berry has not signed the complaint, as required under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11. Rule 11 specifically states that an unsigned complaint "shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader."

## The Complaint

Plaintiffs' claims arise out of defendant Whole Foods Market's alleged racial discrimination against them. Each plaintiff has attached a notice of right to sue from the Missouri Commission on Human Rights. As such, it appears that plaintiffs are attempting to assert a claim under the Missouri Human Rights Act ("MHRA") for discrimination in public accommodations; however, they have not clearly articulated the MHRA, or any other ground, as the basis for the instant action.[1]

Because only one plaintiff has signed the complaint and the basis for federal jurisdiction is unclear to the Court, plaintiffs will be required to amend their complaint and set forth not only their alleged claims in a simple, concise, and direct manner, but also the ground(s) for this Court's jurisdiction over their action. The amended complaint must be signed by all party-plaintiffs. Plaintiffs are advised that the amended complaint will supersede the original complaint, and will be the only complaint the Court reviews.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiffs with a copy of the Court's civil complaint form.

---

[1] On page one of the complaint, plaintiffs merely state that the ground for filing this case in Federal Court is "racial discrimination."

**IT IS FURTHER ORDERED** that plaintiffs shall submit an amended complaint on the Court form, in accordance with the requirements set forth above, within thirty (30) days of the date of this Order. The complaint must be signed by each plaintiff, and the ground(s) for this Court's jurisdiction must be clearly and plainly stated.

**IT IS FURTHER ORDERED** that upon receipt of the amended complaint, this action will be submitted to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that if plaintiffs fail to submit an amended complaint within thirty (30) days from the date of this Order, the action will be dismissed, without prejudice.

Dated this 3rd day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE