UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE M. LEWIS and ALLEN R. BERRY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:10CV854 RWS |
| WHOLE FOODS MARKET and BRIAN GORDEY, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the applications of Diane M. Lewis and Allen R. Berry for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the applications, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. Therefore, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint

the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The amended complaint**

Plaintiffs seek monetary and injunctive relief in this action brought pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq., and the Missouri Human Rights Act, Mo. Rev. St. § 213.010, et seq. The named defendants are Whole Foods Market, Brian Gordey (Manager, Brentwood Store), and Shannon Chronister (Manager, Town and Country Store). Plaintiffs allege that on February 20, 2009, defendants Whole Foods Market and Brian Gordey discriminated against them on the basis of their race.

**Discussion**

Plaintiffs' claims against defendants Whole Foods Market and Brian Gordey are sufficient to proceed at this time. The complaint is, however, legally frivolous as to defendant Shannon Chronister, because plaintiffs have asserted no facts or allegations against this individual. The Court will, therefore, dismiss Shannon Chronister without prejudice.

Accordingly,

**IT IS HEREBY ORDERED that** plaintiffs' motions for leave to proceed in forma pauperis [Docs. # 2 and #5] are **GRANTED**; the Clerk shall receive and file the first amended complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED that** the Clerk shall issue process or cause process to issue upon the first amended complaint as to defendants Whole Foods Market and Brian Gordey.

**IT IS FURTHER ORDERED that**, as to defendant Shannon Chronister, the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of partial dismissal shall accompany this memorandum and order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2010.